UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE )<br>)<br>BRANDI MCKENITH, )<br>)<br>Debtor. )<br>_____ ) | Bankruptcy No. 09-25978<br><br>Chapter 13 |

### MEMORANDUM OPINION ON BANK OF NEW YORK'S OBJECTION TO CONFIRMATION AND MOTION FOR RELIEF FROM STAY

The parties in this Chapter 13 case dispute when and how a debtor may exercise a special right under state law to redeem residential real property after a foreclosure sale at which the mortgagee is the successful bidder. The Debtor, Brandi McKenith, is mortgagor of a parcel of real property located at 3120 East Forestview Trail in Crete, Illinois. That property is occupied as a residence not by McKenith herself, but by McKenith's brother, Scott McKenith. The Bank of New York as Trustee of the Certificate Holders Cwalt, Inc. Alternative Loan Trust ("Bank of New York"), the mortgagee on the property, filed a complaint to foreclose on its collateral in Illinois state court on February 2, 2008. A judgment for foreclosure and sale was entered on July 9, 2008, and a judicial sale was held on November 19, 2008, at which the Bank of New York was apparently the successful bidder. The state court confirmed the sale by order on June 17, 2009.

On July 17, 2009, McKenith filed for bankruptcy protection under Chapter 13. After filing, she did not pay the foreclosure sale price, costs, and interest to Bank of New York. Instead, she proposed a Chapter 13 plan that would cure the default on her mortgage with Bank of New York over the term of the plan. Bank of New York objected to this treatment on the grounds that, because the property was sold prior to the bankruptcy, the Bankruptcy Code did not

-1-

permit McKenith to cure her default. Bank of New York also moved for relief from the automatic stay so that it could enforce its rights in the property outside of bankruptcy. McKenith responded that, among other things, the time for her to exercise her state-law right of redemption had been extended by § 108 of the Bankruptcy Code and that she could cure her default over the term of the Chapter 13 plan.

For reasons discussed below, Bank of New York's Motion for Relief from the Automatic Stay was granted and its claim was withdrawn by separate order on December 9, 2009.

## DISCUSSION

### I. McKenith Did Not Have a Special Right to Redeem Because the Property Was Not Her Principal Residence

Under Illinois mortgage foreclosure law, when a mortgagee of residential real estate or its nominee is the successful bidder at a foreclosure sale, the mortgagor may receive a special right to redeem that extends time to redeem. 735 Ill. Comp. Stat. 5/15-1604(a). For purposes of that provision, "residential real estate" is defined, in relevant part, as to real estate where the mortgagor is an individual, as real estate that is used as a principal residence by the mortgagor, the mortgagor's spouse, or the mortgagor's descendants. *Id.* § 15-1219.

Debtor acknowledged at an evidentiary hearing that she did not use the property as her principal residence. In fact, her brother lives there and has done so for the previous twelve years. Because the property was not occupied by McKenith, her spouse, or her descendants, the property was not "residential real estate" within the meaning of the special provision referred to, and therefore McKenith did not have a special right to redeem her property. Accordingly, she had

no special extended right to redeem the property that might have been extended further by her bankruptcy filing.

**II. Even If McKenith Did Have a Special Right to Redeem, That Right Was Extended Only Sixty Days and She Did Not Properly Exercise That Right**

Under Illinois mortgage foreclosure law, a mortgagor must exercise any special right to redeem within thirty days after the foreclosure sale is confirmed in court "by paying to the mortgagee (i) the sale price, (ii) all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by the court, and (iii) interest at the statutory judgment rate from the date the purchase price was paid or credited as an offset." *Id.* § 15-1604(a).

Under the Bankruptcy Code, when applicable nonbankruptcy law fixes a period within which a Chapter 13 debtor must cure a default or perform any other similar act and that period has not expired before the date of the filing of the debtor's petition, a trustee may only cure or act within the later of (1) the end of that period or (2) sixty days after the order for relief. 11 U.S.C. § 108(b). This provision applies when a debtor has an unexpired special right to redeem under Illinois law, extending the time in which the debtor may exercise that right until sixty days after the debtor's bankruptcy case was filed. *Snowden v. Litton Loan Servicing, Inc.*, 356 B.R. 429, 433 (N.D. Ill. 2006) (Kennelly, J.) (agreeing with the analysis below in *In re Snowden*, 345 B.R. 607 (Bankr. N.D. Ill. 2006) (Schmetterer, J.), but reversing and remanding on other grounds); *see also In re Tynan*, 773 F.2d 177, 179 (7th Cir. 1985) (state-law statutory redemption period extended by § 108(b)). But if the debtor does not exercise her special right to redeem within those sixty days, the property vests "'totally and completely in the foreclosure sale purchaser.'" *Tynan*, 773 F.2d at 179 (*quoting In re Kangas*, 46 B.R. 102, 104 (Bankr. D. Minn. 1985)).

-3-

The time for a debtor to exercise a special right to redeem cannot be extended further by the debtor's Chapter 13 plan. While a Chapter 13 debtor may propose a plan that provides for the curing or waiver of any default, 11 U.S.C. § 1322(b), a default of a lien on the debtor's principal residence may be cured only "until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law." 11 U.S.C. § 1322(c)(1). These provisions allow "a debtor to cure a debt on a home mortgage up to the time of the foreclosure sale, or up to the time allowed under state foreclosure law, whichever is longer." *Snowden v. Litton Loan Servicing*, 356 B.R. at 434; *accord Colon v. Option One Mortgage Corp.*, 319 F.3d 912 917–20 (7th Cir. 2003). That a debtor retains a special right to redeem does not affect whether a "sale" has occurred. *Snowden v. Litton Loan Servicing*, 365 B.R. at 434. Thus, § 1322(c)(1) does not give the debtor with a special right to redeem any extended right to cure defaults in bankruptcy, and there is no additional right to cure a default on the mortgage through the Chapter 13 plan if the debtor does not timely redeem. *See id.*

Even if McKenith had a special right to redeem, she did not properly exercise it. She could have exercised that right only until September 15, 2009, sixty days after she filed for bankruptcy relief. She did not do so. Rather than paying the sale price, costs, and interest to Bank of New York by that date, McKenith merely proposed in her Chapter 13 plan to reinstate Bank of New York's mortgage and cure the arrearage over the life of the plan. Merely curing a default is not the same as paying the foreclosure sale price, costs, and interest. Moreover, the Bankruptcy Code does not permit a debtor to extend a state-law statutory redemption period over the life of a Chapter 13 plan, and McKenith cannot do so.

## CONCLUSION

For reasons discussed above, Bank of New York's Motion for Relief from the Automatic Stay was granted and its claim was withdrawn by separate order on December 9, 2009.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 2d day of February, 2010.